IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER PRATER,

        Plaintiff,                     No. 2:12-cv-2632 KJN P

    vs.

JUAN ROMERO, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

       Plaintiff alleges that defendants showed callous deliberate indifference towards plaintiff that was motivated by evil intent, and that defendants intentionally discriminated against plaintiff, who allegedly suffered "flagrant disciplinary reports[] and harassment from May, 2011 to December, 2011."  (Dkt. No. 1 at 3.)  Plaintiff claims he was retaliated against, and removed from his work assignment, after he filed an administrative appeal about the discrimination.

       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.

3

Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

In the complaint, plaintiff raises generalized allegations that allegedly occurred over a seven month period. Plaintiff does not set forth specific acts each defendant took that allegedly violated plaintiff's constitutional rights. Plaintiff provided 37 pages of exhibits; however, neither the court nor defendants are required to pore through exhibits in an effort to ascertain plaintiff's allegations as to each defendant.[1] While detailed factual allegations are not

[1] To the extent that plaintiff contends defendants discriminated against plaintiff because he was not provided pay raises or positive work performance reviews, plaintiff cannot state a cognizable civil rights claim. "Prisoners do not have a legal entitlement to payment for their work." Serra v. Lappin, 600 F.3d 1191 (9th Cir. 2010) (citing Stanley v. Gonzales, 476 F.3d 653, 660 (9th Cir. 2007)); see also Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir. 1985) (holding that the state does not deprive a prisoner of a constitutionally protected liberty interest by forcing him to work without pay). It appears that plaintiff contends that he sustained discriminatory treatment against him as an individual in comparison to other inmate workers, rather than raising a claim based on intentional discrimination against a protected class of which he is a member. (Dkt. No. 1 at 10.) "To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 605 (2008). Here, plaintiff's pay level and performance reviews equate to personnel decisions and plaintiff cannot constitutionalize what is an employee grievance simply because the employer is a state agency. See id. at 607-09; Lyons v. Bisbee, 2011 WL 2313652, *17 (D. Nev. 2011) ("The court sees no distinction between this case where plaintiff is an inmate worker and Engquist, involving a civilian worker."). Thus,

required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

////

---

plaintiff should not renew any such claim in his amended complaint.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2    conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
3    Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms
4    how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983
5    unless there is some affirmative link or connection between a defendant's actions and the
6    claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
7    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
8    participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
9    268 (9th Cir. 1982).

10   In addition, plaintiff is hereby informed that the court cannot refer to a prior
11   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
12   an amended complaint be complete in itself without reference to any prior pleading.  This
13   requirement exists because, as a general rule, an amended complaint supersedes the original
14   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
15   complaint, the original pleading no longer serves any function in the case.  Therefore, in an
16   amended complaint, as in an original complaint, each claim and the involvement of each
17   defendant must be sufficiently alleged.

18   Finally, rather than re-submit his exhibits, plaintiff may ask the court to re-attach
19   the previously submitted exhibits to his amended complaint.

20   In accordance with the above, IT IS HEREBY ORDERED that:

21   1. Plaintiff's request for leave to proceed in forma pauperis is granted.

22   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
24   § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
25   Director of the California Department of Corrections and Rehabilitation filed concurrently
26   herewith.

      3. Plaintiff's complaint is dismissed.

      4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a. The completed Notice of Amendment; and

          b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  November 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

prat2632.14

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER PRATER,

        Plaintiff,                    No. 2:12-cv-2632 KJN P

    vs.

JUAN ROMERO, et al.,             NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                                        _____
                                                        Plaintiff